IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE DOUGLAS ) | |
| ) | **JURY TRIAL DEMANDED** |
| Plaintiff, ) | |
| ) | CASE #: |
| V. ) | |
| ) | |
| CITY OF WELLSTON ) | |
| ) | |
| AND ) | |
| ) | |
| POLICE OFFICER MICHEAL WEAVER ) | |
| (*In his individual and official capacity*) ) | |
| ) | |
| Defendant(s) ) | |

## COMPLAINT

**COMES NOW,** Plaintiff, **STEPHANIE DOUGLAS**, by and through her undersigned counsel and Complaint and for her cause of action against Defendant(s) states as follows:

### INTRODUCTION

Defendants Officer Micheal Weaver and the City Of Wellston, violated Plaintiff's constitutional rights when they engaged in an or condoned the unlawful seizure, injury and cruel and unusual punishments Plaintiff endured while in the custody and under the control of the Defendants.

### PARTIES

1. Plaintiff Stephanie Douglas is an individual residing in St. Louis County, Missouri.

1

2. Defendant Police Officer Micheal Weaver at all times relevant to this cause of action, was a Police Officer for the City of Wellston, who acted under color of law and sued in his <u>official and individual</u> capacity.

3. Defendant City Of Wellston, at all times relevant to this cause of action, is a properly organized municipality in St. Louis County, Missouri. For the purposes of this action and in said capacity, Defendant City of Wellston is responsible for and administers the Wellston Police Department, which in turn promulgates policies and practices in Wellston.

4. Defendant City Of Wellston, at all time relevant to this cause of action, runs, operates, oversees, administers, supervises, and is otherwise responsible for the conduct of Wellston Police Officers, including both acts and omissions of the officers.

5. At all times relevant to this cause of action, Defendant, City of Wellston possessed the power and authority to adopt policies and prescribes rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual officers of Wellston, and to assure that said actions, policies, rules, regulations, practices, and procedures of Wellston Police Department and its employees comply with the laws and Constitutions of the United States and of the State Of Missouri.

## JURISDICTION

6. Plaintiff brings this action pursuant to 42 U.S.C. Section 1983 and Section 1988 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

7. The Court has jurisdiction pursuant to 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331. The court has supplemental jurisdiction to hear and decide claims arising under State law pursuant to 28 U.S.C. Section 1367.

## VENUE

8. The events complained of occurred in the Eastern District of Missouri, in the Eastern Division and in accordance with 28 U.S.C. Section 1391.

## COLOR OF STATE LAW

9. At all relevant times, Defendant's Officer were in official uniform and acting under color of law. Particularly, at all relevant times Defendant's Officer acted under color of the laws, statutes, ordinances, regulations, policies, customs and usage of the State of Missouri, and its political subdivisions.

## FACTS

10. On about April 5, 2013, Stephanie Douglas ("Plaintiff Douglas") was in the custody of the City of Wellston and its police officer Micheal Weaver ("Defendant Weaver") at the police station, on the premises of the City Of Wellston.

11. Plaintiff Douglas, was being questioned and during this time was handcuffed with her hands behind her back as well, she was chained to a chair, in a seated position.

12. Abruptly, and without warning, Defendant Weaver, aggressively jumped up and aggressively produced his mace/pepper spray canister (a chemical weapon) and then deployed this weapon against Plaintiff Douglas, shooting the chemical in her face, eyes, mouth and nasal passages. Deploying this weapon multiple times against Plaintiff.

13. Prior to Defendant's Weaver producing of said weapon and deploying such weapon, Weaver never issued any lawful instruction, to which Plaintiff did not comply.

14. Prior to Defendant's Weaver producing of said weapon and deploying such weapon, Plaintiff was not engaged in the use of any force against the officer.

15. At no time did Plaintiff Douglas attempt to resist the questioning of the Defendant Weaver, nor offer violence or physical force to the officer.

16. The force used by Defendant Weaver and condoned by the City of Wellston was applied maliciously and sadistically for the very purpose of causing harm and pain. The use of force was unnecessary causing a wanton infliction of pain.

17. As a result of the unlawful force used against Plaintiff, she suffered excruciating burning pain to her eyes, nose and face. The chemical reacted severely with Plaintiff's sensitive eye tissue, nasal and airway tissue; causing severe difficulty breathing, shortness of breath and violent nasal and airway reactions; accompanied by uncontrolled fluid build up and secretions. Pain in mouth / upper airway and stomach Severe Burning Pain and irritations to all surfaces exposed to the chemical weapon. Plaintiff feared for her safety and feared for her life as a result of the severe reactions to the chemical attack.

18. Plaintiff, being a pretrial detainee, the use of force and the nature of how said force was administered was indifferent to Plaintiff's rights and protections under the law as well were against the concepts of dignity, civilized standards, humanity and decency.

19. After the unlawful use of force and physical attack, Defendants did not provide Plaintiff with any medical treatment and or medical care to alleviate the violent symptoms of the chemical attack. Thereby Plaintiff endured the severe reactions and excruciating pains associated with the attack for several hours. Though Plaintiff requested help for an objectively serious medical need. The medical need was so obvious that any reasonable person would easily recognize the necessity for proper and trained medical attention.

20. Defendant(s) in their actions refused to grant plaintiff unqualified access to health care and or medical care for serious symptoms compelled by defendants intentional and vicious violations/assault against Plaintiff. Thereby demonstrating deliberate indifference to Plaintiff's obvious medical needs.

21. Due to the excessive force used by police officer Weaver in his questioning of Plaintiff, she suffered the above injuries for an extended period of time.

22. The incident was captured on security video camera's within the Police Station, on the premises of the City of Wellston. There were other police officers present on the premises, during this incident.

23. After the incident, Defendant Weaver was asked to explain his reasoning for the use of force and he indicated that because Plaintiff Douglas was obstinate and uncooperative, during the interview process.

24. A ranking police official for the City of Wellston, when asked about the incident, admitted that the policy and procedures for the Wellston police were "unclear" with regards to when an officer can deploy mace against a citizen.

## COUNT I

### VIOLATIONS OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION ACTIONABLE PURSUANT TO 42 U.S.C. SEC. 1983 (UNREASONABLE SEIZURE WITHOUT PROBABLE CAUSE)
### Against Defendant Weaver

25. Plaintiff Douglas re-alleges and incorporates by reference, as though fully contained herein, all preceding allegations set forth above.

26. The Fourth Amendment provides: "The right of people to be secured in their persons…against unreasonable…seizures, shall not be violated…but upon probable cause…"

27. Defendants' actions violated the Fourth Amendment to the U.S. Constitution, which prohibits seizure without probable cause. Acting individually and in concert, Defendant's- through their own actions and or omissions, engaged in an additional and unlawful seizure of Plaintiff, and then engaged in a unlawful use of force against Plaintiff when deploying a chemical weapon against Plaintiff on multiple occasions.

28. Alternatively, each Defendant in this Count failed to prevent the constitutional violations committed by the other.

29. The acts and / or omissions of each Defendant were the legal and proximate cause of Plaintiff's injurious and cruel pains described herein.

30. As a direct and proximate result of the unreasonable seizure of Plaintiff, she suffered severe injurious pains and continues to suffer severe mental anguish and emotional distress.

31. The acts of the Defendants Weaver, and each of them as described, were intentional, wanton, malicious, oppressive, reckless and callously indifferent to

6

the rights of Plaintiff, thus entitling the Plaintiff to an award of punitive damages against the individually named Defendants Weaver.

32. If Plaintiff prevails, she is entitled to an award of attorney's fees, pursuant to 42 U.S.C. Sec. 1988.

WHEREFORE, Plaintiff prays for judgment against Defendant(s) jointly and severally for compensatory damages in an amount which is fair and reasonable; for punitive damages, for her costs incurred herein; for attorney's fees; and for such other and further relief as the Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION ACTIONABLE PURSUANT TO 42 U.S.C. SEC. 1983 (EXCESSIVE FORCE)
### Against Defendant Weaver

33. Plaintiff Douglas re-alleges and incorporates by reference, as though fully contained herein, all preceding allegations set forth above.

34. Plaintiff Douglas was seized at the instant Defendant Weaver, maced her. At that moment Plaintiff's Fourth Amendment rights to free and secure from unreasonable and excessive force, as applied to the states by the Fourteenth Amendment, were fully implicated.

35. At that moment Plaintiff Douglas:

    (a) Had not committed a serious crime to warrant to use of force;

    (b) Presented no threat to the safety of the Officer or Others;

    (c) Was not actively resisting arrest;

(d) Was not attempting to evade arrest by flight.

36. In some cases no use of force is permitted at all because none is required.

37. The use of force by Defendant Weaver against Plaintiff was excessive and objectively unreasonable under the circumstances.

38. The use of force against Plaintiff Douglas by Defendant Weaver was therefore in violation of Plaintiff Douglas's rights protected by the Fourth Amendment to the United States Constitution.

39. As a direct and proximate result of the unreasonable and excessive force used against Plaintiff, she suffered severe injurious pains and continue to suffer severe mental anguish and emotional distress.

40. The acts of Defendant Weaver, were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling the Plaintiff to an award of punitive damages against the individually named Defendant.

41. If Plaintiff prevails, she is entitled to an award of attorney's fees, pursuant to 42 U.S.C. Sec. 1983.

WHEREFORE, Plaintiff prays for judgment against Defendant Weaver, jointly and severally for compensatory damages in an amount which is fair and reasonable; for punitive damages, for her costs incurred herein; for attorney's fees; and, for such further relief as the Court deems just and proper.

## COUNT III

### VIOLATIONS OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION ACTIONABLE PURSUANT TO 42 U.S.C. SEC. 1983 (CRUEL AND UNUSUAL PUNISHMENT / EXCESSIVE FORCE/ Due Process Violation) Against Defendant Weaver

42. Plaintiff Douglas re-alleges and incorporates by reference, as though fully contained herein, all preceding allegations set forth above.

43. Plaintiff Douglas was seized at the instant Defendant Weaver, maced her. At that moment Plaintiff's Eighth Amendment rights, as applied to the states by the Fourteenth Amendment, Due Process Clause, were fully implicated. As a pretrial detainee, Plaintiff had a protection under the constitution to be free of cruel punishments and had an equal protection and expectancy to have access to medical care for serious medical need, while a detainee.

44. At that moment Plaintiff Douglas:

   (a) Had not committed a serious crime to warrant to use of force;

   (b) Presented no threat to the safety of the Officer or Others;

   (c) Was not actively resisting the officer;

   (d) Was not attempting to evade or flee by flight.

   (e) Plaintiff, presented with serious medical need as a result of the use of excessive force incident; Defendant Weaver denied Plaintiff the minimal civilized measure of a life necessity by intentionally refusing to provide prompt and proper medical attention to Plaintiff. The use of force was

applied maliciously and sadistically for the purpose of causing pain, was repugnant to the conscious of mankind.

45. In some cases no use of force is permitted at all because none is required.

46. The use of force by Defendant Weaver against Plaintiff was excessive and objectively unreasonable under the circumstances.

47. The use of force against Plaintiff Douglas by Defendant Weaver was therefore in violation of Plaintiff Douglas's rights protected by the Eighth Amendment/14th Amendment Due Process, to the United States Constitution.

48. As a direct and proximate result of the unreasonable and excessive force used against Plaintiff, she suffered severe injurious pains and continue to suffer severe mental anguish and emotional distress.

49. The acts of Defendant Weaver, were intentional, wanton, malicious, sadistically designed to inflict pain, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling the Plaintiff to an award of punitive damages against the individually named Defendant.

50. If Plaintiff prevails, she is entitled to an award of attorney's fees, pursuant to 42 U.S.C. Sec. 1983.

WHEREFORE, Plaintiff prays for judgment against Defendant Weaver, jointly and severally for compensatory damages in an amount which is fair and reasonable; for punitive damages, for her costs incurred herein; for attorney's fees; and, for such further relief as the Court deems just and proper.

## COUNT IV

## ASSAULT AND BATTERY

## (AGAINST DEFENDANT WEAVER)

51. Plaintiff Douglas re-alleges and incorporates by reference, as though fully contained herein, all preceding allegations set forth above.

52. The Defendant Weaver assaulted and battered Plaintiff, as described above, including the excessive force in effecting the unlawful seizure.

53. The acts of Defendant Weaver, as described, were committed without cause or provocation and with the intent to cause Plaintiff offensive, bodily harm, apprehension of offensive contact and apprehension of bodily harm, constituting an intentional battery and assault of Plaintiff.

54. In battering and assaulting Plaintiff, Defendant Weaver acted in bad faith and with malice with an actual intent to cause injury and sever pain.

55. As a direct and proximate result of the malicious, sadistic, brutal and outrageous conduct of Defendant Weaver, Plaintiff suffered physical injuries. Plaintiff was placed in fear of additional injuries to her body, she was placed in great fear for her safety, and she continues to suffer substantial emotional distress.

56. The conduct of Defendant Weaver, as described, was outrageous because of their evil motive and or reckless indifference to Plaintiff's rights and therefore she is entitled to an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant Weaver for compensatory damages in an amount which is fair and reasonable; for punitive

damages; for interest thereon; for her costs incurred herein; and, for such further relief as the Court deems just and proper.

## COUNT V

## MONELL MUNICIPAL LIABILITY/VIOLATION OF CONSTITUTIONAL RIGHTS- ACTIONABLE PURSUANT TO 42 U.S.C. SEC. 1983 (AGAINST DEFENDANT CITY OF WELLSTON)

57. Plaintiff Douglas re-alleges and incorporates by reference, as though fully contained herein, all preceding allegations set forth above.
58. The City of Wellston as a municipal entity, through its law enforcement officers caused the constitutional violations described above.
59. The constitutional violations described above were done pursuant to "policy and practices" of the Defendant in this count.
60. At the time of these constitutional violations, Defendant had ratified customs and practices, which permitted and encouraged their police officers to unjustifiably, unreasonably and unlawfully seize persons without probable cause, use unreasonable and excessive force, engage in administering cruel and unusual punishments with prep trial detainee's in violation of the Fourth, Eighth and Fourteenth Amendments of the U.S. Constitution.
61. The customs, policies, practices and usages established by Defendant were the moving force behind the violations of Plaintiff's constitutional rights.

62. The City Of Wellston allow and encourage their police officers to use unreasonable and excessive force when detaining unarmed and non-threatening individuals.

63. The conduct of Officer Weaver was captured on security camera and the City Of Wellston, having knowledge of this video did not and would not discipline the Officer for his outrageously violative conduct.

64. Upon information and belief, the acts of the Officer were part of a pattern of transgression, of which Defendant, The City of Wellston knew or should have known. The failure of Defendant in this count to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of the Defendant City Of Wellston to condone or otherwise tolerate such constitutional violations.

65. Said customs and practices also called for the City of Wellston not to discipline, prosecute, or objectively and or independently investigate or in any way deal with or respond to the known incident.

66. The policies, practices and customs described in this count were adopted and use of force or in effect prior to probable cause for doing so against Plaintiff with deliberate indifference to Plaintiff's constitutional rights and the rights of those similarly situated.

67. Defendant The City Of Wellston is accountable under 42 U.S.C. Sec. 1983 because they, through their law enforcement officers, was deliberately indifferent to an obvious need to train Defendant Officer Weaver, respectively, to avoid constitutional violations arising from inadequate training pertaining to the lawful

use of force against unarmed pretrial detainee's, the law pertaining to seizures, providing adequate medical attention to detainee's whom are injured and or present with serious need for such medical attention.

68. Those deficiencies caused Plaintiff damages.

69. In light of the fact that it was Defendant Weaver who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequately so likely to result in the violation of constitutional rights, which policymakers of the municipality can reasonably be said to have deliberately indifferent to the need.

70. Defendant listed in this count disregarded the obvious need for training on these matters and continued to retain and adhere to the constitutionally deficient training programs despite an obvious need for training was carried out with deliberate indifference to the rights of Plaintiff and those similarly situated.

71. The acts and or omissions of Defendant named in this count were the legal and proximate cause of Plaintiff's injuries as described herein.

WHEREFORE, Plaintiff prays for a judgment against Defendant City of Wellston, for compensatory damages and attorney's fees in an amount which is fair and reasonable; for interest thereon; for her costs incurred herein; and, for such further relief as the Court deems just and proper. Plaintiff is requesting for punitive damages against the Defendant City Of Wellston.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court will:

(a) Assume jurisdiction of this cause to determine this controversy and case for hearing on the merits;

(b) Award compensatory and actual damages to Plaintiff and against the Defendants, jointly and severally, in the amount that is fair and reasonable;

(c) Award punitive damages to Plaintiff against individual Defendant Weaver and the municipal Defendant;

(d) Award Plaintiff her costs and attorney's fees, pre-judgment interest, post-judgment interest, all other damages allowed by law; and such other and further relief the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial on all the hereinabove raised issues.

Respectfully submitted,

LAW OFFICE OF JAMES ROBINSON LLC


____/s/James Robinson_____
James Robinson # 30960
1100 North Sarah
P.O. Box # 372051
St. Louis, MO 63137
314-667-5303 Office
314-653-1421 Fax


Attorney for Plaintiff Stephanie Douglas