UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16 CV 1681 RWS |
| | ) | |
| CITY OF WELLSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Stephanie Douglas moves for default judgment against Defendants City of Wellston and Michael Weaver. Defendants oppose the motion and request that I set aside the Clerk's entry of default and allow the case to proceed on the merits. Because Defendants have shown good cause to set aside the Clerk's entry of default, I will set aside the entry of default and deny Douglas's motion for default judgment as moot. *See* Fed. R. Civ. P. 55(c).

Douglas filed her complaint on October 28, 2016. Douglas brings federal constitutional claims and state law claims for assault and battery against Defendant Weaver, alleging Weaver improperly used mace against her while she was in custody and handcuffed. Douglas brings a *Monell* claim for municipal liability against the City of Wellston. The record reflects service on both Defendants. The City of Wellston's answer was due December 12, 2016, and Weaver's answer was

due December 30, 2016. Neither defendant filed a timely answer. On January 23, 2017, Douglas moved for entry of Clerk's default. The Clerk filed an entry of default on January 25, 2017. On February 13, 2017, Douglas moved for a default judgment. Douglas's motion requests damages and punitive damages in the amount of $600,000.

On February 24, 2017, counsel for Defendants entered an appearance in the case. On March 3, 2017, Defendants filed a memorandum in opposition to the motion for default judgment and a request that I set aside the entry of default. Defendants also filed a motion for an extension of time to file an answer, which I granted. Douglas has not responded to Defendants' request that I set aside the entry of default or filed any reply in support of her motion.

Defendants assert that when they received notice of the lawsuit, the City's insurance liaison/bookkeeper sent it to the City's insurance carrier. Defendants claim they had poor communication with their insurer because their insurance liaison recently retired and they were not aware of any denial the insurer sent the liaison. Defendants explain that they believed their insurer would tender their defense, that they turned the lawsuit over to their insurer in a timely manner, and that their failure to respond in this lawsuit resulted from miscommunication with their insurer due to their insurance liaison's recent retirement.

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In considering Defendants' request that I set aside the entry of default, I am mindful of the fact that "[t]here is a 'judicial preference for adjudication on the merits.'" *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (quoting *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993)). Our courts evaluate whether to set aside an entry of default by looking at "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Id.*

First, in evaluating the blameworthiness of the defaulting party, the Eighth Circuit has explained that "[o]ur cases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meeting pleading or other deadlines." *Id.* Our courts often grant Rule 55(c) "relief for marginal failures when there were meritorious defenses and an absence of prejudice." *Id.* I find no evidence of contumacious or intentional delay by Defendants in this case. Rather, Defendants indicate they turned the lawsuit over to their insurer in a timely manner, believed their insurer would tender their defense, and missed communication from their insurer when their insurance liaison retired. As a result, while Defendants are at fault for the delay, I conclude they were "guilty of only a marginal failure for

3

which relief from default should be granted *if* [they have] a meritorious defense and [Douglas] will not suffer significant prejudice." *Id.* at 785.

Second, I conclude the meritorious defense factor weighs in Defendants' favor. Douglas brings fact-intensive claims, including excessive force, unreasonable seizure, and assault and battery. She alleges Weaver acted unreasonably and without justification and that the City had ratified customs and practices that permitted and encouraged their police officers to engage in unconstitutional behavior. Defendants indicate they may have a number of meritorious defenses. For example, they claim Weaver used force necessary under the circumstances, alleging Douglas threatened Weaver during her arrest, resisted and interfered with her arrest, and spit in Weaver's face. While I pass no judgment on the ultimate merits of the case now, I conclude that Defendants have shown "there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008) (quotation marks omitted); *see also Johnson*, 140 F.3d at 785.

Finally, I conclude the prejudice factor favors Defendants. "As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F.3d at 785. "Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater

opportunities for fraud and collusion.'" *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Douglas has not identified any prejudice she would suffer if I set aside the default. *See id*. As a result, and because I conclude all three factors weigh in Defendants' favor, I will set aside the entry of default in this case. And because I will set aside the entry of default and allow the case to proceed on the merits, I will deny Douglas's motion for default judgment as moot.

Accordingly,

**IT IS HEREBY ORDERED** that for good cause shown, the Clerk of Court's entry of default #[9] is SET ASIDE.

**IT IS FURTHER ORDERED** that Plaintiff Stephanie Douglas's Motion for Default Judgment #[11] is **DENIED** as moot.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2017.