UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16 CV 1681 RWS |
| | ) | |
| CITY OF WELLSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Defendant Michael Weaver moves to dismiss plaintiff's claim of assault and battery against him for failure to state a claim upon which relief can be granted. Weaver argues that the applicable statute of limitations for this claim is two years. Plaintiff Stephanie Douglas filed this complaint more than three years after her alleged injury occurred. Douglas argues that courts characterize Section 1983 claims as personal injury claims when determining the applicable statute of limitations. Because Count IV of Douglas's complaint is a state law assault and battery claim, I will grant Defendant Weaver's motion to dismiss only with respect to Count IV.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Hager

v. Ark. Dept. of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). The federal rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). An affirmative defense may be asserted to prove that the pleader is not entitled to relief, if that defense is "apparent on the face of the complaint." Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 983 (8th Cir. 2008). A statute limitations defense may be waived if the defendant does not assert it in his answer. See, e.g., Myers v. John Deere Ltd., 683 F.2d 270, 273 (8th Cir.1982). However, "when it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss." Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004).

## ANALYSIS

In her petition, Douglas has alleged four counts against Weaver and one count against the City of Wellston. Of the four counts against Weaver, three are based on constitutional violations actionable pursuant to Section 1983. The fourth count is an assault and battery claim that cites no constitutional protection or connection to Section 1983. Douglas correctly argues that "courts characterize Section 1983 claims as 'personal injury' claims for the purpose of applying the appropriate statute of limitations." [ECF Doc. No. 56, p. 5] (citing Sulik v. Taney Cnty., Mo., 393 F.3d 765, 767 (8th Cir. 2005); Wilson v. Garcia, 471 U.S. 261,

276 (1985)). However, Count IV is not a Section 1983 claim, but rather a state law assault and battery claim. As a result, the two-year Missouri statute of limitations for assault and battery applies. Mo. Rev. Stat. § 516.140. Douglas alleges that Weaver committed assault and battery against her on April 5, 2013. She filed this complaint more than three years later on October 28, 2016. The statute of limitations had run for her assault and battery claim before Douglas filed this complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Weaver's motion to dismiss is GRANTED only with respect to her Count IV, assault and battery claim.

*[signature]*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th Day of November, 2017.